| iBROWN, Judge,
dissenting.
Without question, Joseph’s father was killed in a work-related accident. Under the Workers’ Compensation Act a child “actually and wholly dependent upon his [parent’s] earnings for support” is entitled to designated benefits. Although Joseph was born two months after his father’s death, he is considered a “Child” under the Act and entitled to death benefits.
Because the mother was not living with the father, the conclusive presumption of actual dependency is not applicable. The question presented in this case is how a child in the womb proves its dependency. The majority opinion has, in my opinion, properly rejected the reasoning oí Affiliated Foods, Inc.
The hearing officer’s reliance on Affiliated Foods in granting the summary judgment motion was wrong. The relevant inquiry is not the dependency of the mother, but the dependency of the child, which must be determined by the circumstances existing at the time of the accident and death of the father.
In the instant case, the mother’s annual earnings of $14,000 before taxes and deductions were hardly sufficient to maintain a minimal living standard. The history of this family showed that the mother was unable to support the first child of the ■marriage; however, the mother did all that she could to obtain support from the father. At the time of his death an income assignment order was being enforced against the father. Clearly the mother also would have to obtain state assistance to support the child awaiting birth. Because the father had found employment, a new income assignment order would have become an effective means to force support payments. Even if obtained circuitously through the state, the father’s earnings were available for the child’s support.
^Further, the grant of Federal Social Security death benefits to this posthumous child should have been considered in determining if the requirements under Louisiana’s Workers’ Compensation Act were met.
The compromise character of the Workers’ Compensation Act cannot be overemphasized. An employee and his dependent(s) lost their rights under the general law in consideration of receiving a fixed percentage of wages to meet living expenses. The legislature left it to the courts to determine how a child in the womb would prove its dependency. Under the majority opinion, legitimate benefits owed a child dependent on the father for support will now lay fallow and the state will shoulder that responsibility. As in Fontenot v. Annelida Acres, supra, the mother’s past history demonstrated that had the father lived she would have pursued child support to the extent allowed under the law. Under these circumstances, I respectfully dissent and would reverse the hearing officer’s grant of summary judgment.
Before MARVIN, C.J., and BROWN, STEWART, GASKINS and PEATROSS, JJ.